IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sterling R. Elliot,

    Plaintiff,

v.                                       Case No. 2:08-cv-1037

Plaza Properties, Inc.,
et al.,                               JUDGE WATSON

    Defendants.

## ORDER

This case is before the Court on its own motion.

On January 8, 2010, the Court entered an order denying various motions filed by the plaintiff, Sterling Elliot, and striking approximately seventeen additional motions because they were simply duplicates of his earlier filings. It also ordered the Clerk not to accept any future duplicative motions.

Since the date of that order, Mr. Elliot has filed an objection to the order itself, an objection to all rulings in the case, and fourteen more motions. He has also filed two notices of appeal, notwithstanding the fact that the Court has not issued any appealable orders and the fact that Mr. Elliot's prior appeal was dismissed for just that reason. Most of his motions are both barely intelligible and are duplicates in substance, if not in exact form, of earlier motions he has filed.

It is clear to this Court that Mr. Elliot has been abusing the judicial process and that he will, if left unchecked, continue to do so. The Court is not powerless to deal with this kind of problem. 28 U.S.C. §1927 provides that the Court may impose sanctions against any person who vexatiously or unreasonably multiplies the proceedings in any case in this Court. Such conduct includes the continued filings of motions which address an issue which has already been resolved. See Wages v. Internal Revenue Service, 915 F.2d 1230 (9th Cir. 1990). If, as a result of these filings, the defendants

incur unnecessary costs, the Court can require Mr. Elliot to pay the defendants' attorneys' fees. The Court also has the power under the All Writs Act, 28 U.S.C. §1651, to issue injunctions against abusive litigation tactics, even including banning a litigant from filing cases in the future. See *Cromer v. Kraft Foods North America*, 390 F.3d 812 (4th Cir. 2004). Further, Federal Rule of Civil Procedure 11 allows the Court to sanction a litigant who files a motion which is being presented for an improper purpose "such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation" or which has no legal or factual support. Finally, the Court has inherent power to issue such orders as are needed in order to control the proceedings before it. See *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their dockets").

      The Court has reviewed the latest group of motions filed by Mr. Elliot and finds that the following motions are duplicative or abusive: #60, 61, 66, 67, 68 69, 70, 71, 72, 73, 74, 75, and 76. All of these motions are denied. Further, as a sanction for his behavior up to this point in the case, Mr. Elliot is ordered not to tender for filing any motion that repeats, in form or in substance, any prior motion he has filed that either has been denied or is still pending for decision. His failure to comply with this order may result in various sanctions, including but not limited to an award of costs against him, a finding of contempt, or the dismissal of this case. Finally, the Clerk is directed not to file any motion tendered by Mr. Elliot unless the motion is accompanied by a certificate from an attorney licensed to practice before this Court stating that the motion complies with Fed.R.Civ.P. 11, or unless the Court authorizes its filing. Any motions tendered by Mr. Elliot after the date of this order which are not accompanied by an attorney's certification shall be forwarded by the Clerk to a Judge of this Court for review, and if that review reveals a violation of this order, Mr. Elliot will be sanctioned.

In addition to serving Mr. Elliot with a copy of this order by mail, the Clerk is directed to hand a copy to Mr. Elliot the next time he appears in the Clerk's office and to note that action on the case docket.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON**
**United States District Judge**